1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    KRIS ROBINSON,                    )
                                       )    2:12-cv-00604-GEB-CKD
8                    Plaintiff,        )
                                       )
9           v.                         )    ORDER TO SHOW CAUSE AND
                                       )    CONTINUING STATUS (PRETRIAL
10   HD SUPPLY, INC., a corporation;   )    SCHEDULING) CONFERENCE
     and DOES 1 through 50,            )
11   inclusive,                        )
                                       )
12                   Defendants.       )
     _____   )

13

14          The March 8, 2012 Order Setting Status (Pretrial Scheduling)

15   Conference scheduled a status conference in this case on June 11, 2012,

16   and required the parties to file a joint status report no later than

17   fourteen (14) days prior to the scheduling conference. The March 8, 2012

18   Order further required that a status report be filed regardless of

19   whether a joint report could be procured. No status report was filed as

20   ordered.

21          Therefore, the parties are Ordered to Show Cause ("OSC") in a

22   writing to be filed no later than June 11, 2012, why sanctions should

23   not be imposed against them and/or their counsel under Rule 16(f) of the

24   Federal Rules of Civil Procedure for failure to file a timely status

25   report. The written response shall also state whether the parties or

26   their counsel are at fault, and whether a hearing is requested on the

27

28

                                      1

OSC.[1]  If a hearing is requested, it will be held on July 9, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  June 5, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]     "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).