IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS ROBINSON,<br><br>        Plaintiff,<br><br>  v.<br><br>HD SUPPLY, INC.,<br><br>        Defendant.<br>_____ | 2:12-cv-00604-GEB-CKD<br><br><u>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANT'S<br>DISMISSAL MOTION</u> |

        Defendant HD Supply, Inc. ("HD Supply") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of the following claims in Plaintiff's First Amended Complaint ("FAC"): disability discrimination, failure to provide reasonable accommodations, failure to engage in the interactive process, and failure to prevent discrimination (all alleged under the California Fair Employment and Housing Act ("FEHA")); retaliation in violation of California Labor Code sections 1102.5 and 98.6; wrongful termination based on disability discrimination in violation of public policy; and negligent hiring and retention. Plaintiff Kris Robinson ("Robinson") filed an opposition brief.

## I. LEGAL STANDARD

        Decision on HD Supply's Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for

1

relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (stating "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").

## II. REQUESTS FOR JUDICIAL NOTICE

HD Supply requests that judicial notice be taken of the administrative complaint Robinson filed with the California Department of Fair Employment and Housing ("DFEH"). (Def.'s Request for Judicial Notice Ex. A.) However, "a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Since Robinson alleges in his civil complaint that he exhausted administrative remedies and does

not dispute the authenticity of the document of which HD Supply seeks judicial notice, this document is considered under the incorporation by reference principle.

Robinson requests that judicial notice be taken of a letter DFEH sent him dated December 17, 2010, which concerns its investigation of his administrative complaint. Robinson argues the letter demonstrates that he exhausted his administrative remedies concerning his failure to prevent discrimination and retaliation claims. (Pl.'s Opp'n ("Opp'n") 7:3-21.) HD Supply did not file an objection. Government documents are generally "capable of accurate and ready determination" and "considered not to be subject to reasonable dispute[.]" Fed. R. Evid. 201(b)(2); L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011). Therefore, judicial notice is taken of the fact that DFEH was investigating the information described in its DFEH's December 17, 2010 letter.

Robinson also requests judicial notice of a letter he alleges he sent to DFEH on January 10, 2011 in response to DFEH's December 17, 2010 letter. HD Supply filed an objection to this request. However, the information in Robinson's letter is not necessary to decision on the motion. Therefore, the merits of this judicial notice request are not addressed since the letter is not considered.

### III. ROBINSON'S ALLEGATIONS

This case concerns Robinson's termination from employment with HD Supply. Robinson alleges he was employed as an Assistant Transportation Manager with HD Supply from March 2008 to February 2010, and that "his job duties included . . . scheduling truck drivers and coordinating pick-ups and deliveries throughout Northern California." (First Am. Compl. ("FAC") ¶¶ 7-8 & 29.)

1    Robinson alleges that "[o]n or about January 11, 2010, [he]
2 informed Mary Sullivan [('Sullivan')], [HD Supply's] Distribution Center
3 Manager and [his] immediate supervisor, that he had recently been
4 diagnosed with Post Traumatic Stress Disorder ('PTSD') as a result of
5 events that occurred during his overseas service in the United States
6 Marine Corps." Id. ¶ 11. Robinson alleges that "on or about January 20,
7 2010, [Sullivan] instructed [him] to locate a driver who would be able
8 to make a delivery from Sacramento to Salinas on short notice." Id. ¶
9 13. Robinson alleges he "was concerned about this instruction . . .
10 because he knew that, based on the distance between these locations,
11 this delivery route would necessitate a violation of the U.S. Department
12 of Transportation Hours-of-Service Regulations[,] . . . [which] require,
13 *inter alia*, that employers . . . only permit their drivers to drive for
14 a maximum of 11 hours after 10 consecutive hours off duty." Id.

15    Robinson alleges he "shared his concern with [Sullivan], who
16 refused to rescind her order." Id. ¶ 14. "Thereafter, [Robinson]
17 consulted with [HD Supply's] Regional Transportation Manager, Bruce
18 Gagon [('Gagon')], and informed him of the situation." Id. "When making
19 this complaint, [Robinson] also suggested an alternative method of
20 accomplishing the delivery without violating any Department of
21 Transportation Regulations." Id.

22    Robinson alleges "[Gagon] advised [him] that if he was
23 uncomfortable with the instruction, he should ask [Sullivan] to issue
24 the order herself." Id. ¶ 15. Robinson further alleges he "complied with
25 this direction from [Gagon] and refused to issue the non-compliant
26 order." Id. Robinson alleges "[Sullivan] . . . told [him] that he would
27 be disciplined for insubordination if he maintained his refusal to
28 execute the order." Id. ¶ 16. Robinson alleges "[Sullivan's] . . .

4

threat to discipline [him] unless he participated in a practice that he knew violated Federal law caused [him] extreme stress and anxiety[,] . . . [which] exacerbated [his] pre-existing PTSD[.]" Id. ¶ 17. Robinson alleges that "[i]n an attempt to defuse the volatile situation [Sullivan] created, [Robinson] decided to take a walk in the warehouse in order to calm down[,]" and he "informed [HD Supply] that he neded to take a walk in order to calm down." Id. ¶¶ 18-19. Robinson alleges that "[b]ased on [this] incident, [he] was suspended indefinitely." Id. ¶ 25.

Robinson alleges that "[b]ecause of the stress the suspension caused him, [he] visited his physician's office and received a note from [a] Nurse Practitioner . . . prescribing he take a 10-working-day leave of absence." Id. ¶ 26. Robinson alleges that "[i]mmediately upon his return [to work on February 9, 2010], [Sullivan] continued to discipline [him] for his alleged pre-suspension insubordination." Id. ¶ 28. Robinson alleges "[HD Supply] summarily terminated [his] employment the next day, February 10, 2010[.]" Id. ¶ 29. Robinson alleges that "[o]n or about March 22, 2010, [he] duly presented a discrimination and harassment Complaint against [HD Supply] to the [DFEH] . . . in compliance with the requirements of [FEHA.]" Id. ¶ 6.

### IV. DISCUSSION

**A. Failure to Exhaust Administrative Remedies**

 **1. Failure to Prevent Discrimination Claim**

HD Supply argues Robinson does not allege in his FAC "that he exhausted his administrative remedies in regard to his [FEHA] claim for failure to prevent discrimination." (Mot. 13:2-3.) HD Supply specifically argues Robinson's allegation that he communicated facts concerning his failure to prevent discrimination claim to DFEH "is too vague." Id. at 13:22-23. HD Supply also argues that "even if Robinson

5

communicated facts to the DFEH regarding a failure to prevent discrimination, the DFEH complaint does not contain that claim[.]" Id. at 13:23-25.

"[T]he rule [of exhaustion of administrative remedies] is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." Campbell v. Regents of Univ. of Cal., 35 Cal. 4th 311, 321 (2005) (internal quotation marks and citation omitted). "In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law . . . [by] filing a written charge with DFEH . . . and obtaining notice from DFEH of the right to sue." Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001) (internal quotation marks and citations omitted). In addition,

> [t]he scope of the administrative [complaint] defines the scope of the subsequent civil action, and unlawful conduct not included in an administrative complaint is not considered by a court unless the conduct is like or reasonably related to the allegations in the administrative complaint, or can reasonably be expected to grow out of an administrative investigation.

Lelaind v. City & Cnty. of San Francisco, 576 F. Supp. 2d 1079, 1090 (N.D. Cal. 2008) (citations omitted). Further, where "additional claims [in the civil complaint] . . . stem from the [same conduct] identified in the [administrative] complaint, [the additional claims] would have been uncovered during the course of a DFEH investigation." Ramirez v. Silgan Containers, No. CIV F 07-0091, 2007 WL 1241829, at *5 (E.D. Cal. Apr. 26, 2007).

Robinson argues the DFEH investigated the following factual allegations:

> Mr. Gagon was aware of Ms. Sullivan's mistreatment of [Robinson] and did nothing to prevent it. In

>           addition, Mr. Gagon knew that permitting Ms.
>           Sullivan to continue to supervise [Robinson]
>           created the risk that [he] would suffer additional
>           injuries.
>
>           . . . [HD Supply] knew of [Robinson's] medical
>           leave and was also aware, based on the timing of
>           the leave, that it was precipitated by Ms.
>           Sullivan's mistreatment of [him]. Nevertheless, [HD
>           Supply] did nothing to prevent Ms. Sullivan from
>           continuing her mistreatment of [Robinson],
>           including preventing his ultimate termination.

(Opp'n 7:3-14.) Robinson further argues he has alleged in his FAC "sufficient facts to show that his claim for Failure to Prevent Discrimination was like or reasonably-related enough to his other claims to have been uncovered during the course of a DFEH investigation." Id. at 7:16-18.

Neither the administrative complaint nor the DFEH letter dated December 17, 2010 contain the allegations Robinson argues they contain; specifically, that Robinson reported Sullivan's alleged mistreatment to anyone at HD Supply. Therefore, Robinson has not demonstrated that his failure to prevent discrimination claim is "reasonably . . . related to the conduct identified in the administrative charge." Ramirez, 2007 WL 1241829, at *5. Therefore, this portion of HD Supply's dismissal motion is GRANTED.

HD Supply argues this claim should be dismissed with prejudice since Robinson "cannot cure [this claim] by an amended pleading." (Mot. 14:1.) Robinson does not address HD's argument. Since document attached to the FAC and the judicially noticed document demonstrate Robinson did not exhaust his failure to prevent discrimination claim, it is now evident that further "amendment would be futile." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Therefore, Robinson's failure to prevent discrimination claim is dismissed with prejudice.

7

### 2. Retaliation Claim

HD Supply argues Robinson's retaliation claim based on violations of California Labor Code sections 1102.5 and 98.6 fails because "Robinson's administrative complaint filed with the DFEH does not mention retaliation as a basis for his claim(s) against HD [Supply]" and he "admits he did not file an administrative complaint with the Labor Commissioner[.]" (Mot. 12:23-27.) Robinson counters that "DFEH investigated [his] complaint fully, and his claim with DFEH encompassed" the facts he alleges in this case in support of his retaliation claim. (Opp'n 6:4-5.)

Section 1102.5(c) proscribes "[a]n employer . . . [from] retaliat[ing] against an employee for refusing to participate in an activity that would result in a violation of state or federal statute," and "[r]emedies for [section] 1102.5 are specifically found in [section] 98.6(b)[.]" Manser v. Sierra Foothills Pub. Util. Dist., No. CV-F-08-1250, 2010 WL 2465418, at *2 (E.D. Cal. June 15, 2010). "[I]n order to bring a claim under section 1102.5 . . . , plaintiff must exhaust his administrative remedies." Lund v. Leprino Foods Co., No. CIV. S-06-0431, 2007 WL 1775474, at *4 (E.D. Cal. June 20, 2007) (citing Campbell, 35 Cal. 4th at 333).

DFEH's letter describes the argument between Robinson and Sullivan on January 20, 2010 concerning dispatching drivers to Salinas. (Letter from DFEH to Robinson ¶¶ 11-12.) The letter also describes Robinson's termination from employment. Since DFEH had the opportunity to investigate Robinson's allegation that he was terminated for refusing to participate in an activity that would violate federal law, Robinson has demonstrated he has exhausted administrative remedies concerning his

1  retaliation claim. Therefore, this portion of HD Supply's motion is
2  DENIED.
3  **B. Disability Discrimination Claim**
4        HD Supply argues "Robinson's . . . allegations are not
5  sufficient to . . . allege[] that he was able to perform the essential
6  functions of his job absent the threats of termination by Sullivan."
7  (Mot. 14:14-17.) "[A] prima facie case [of disability discrimination]
8  requires the plaintiff to show he . . . (1) suffered from a disability
9  . . . ; (2) could perform the essential duties of the job with or
10 without reasonable accommodations[;] and (3) was subjected to an adverse
11 employment action because of the disability[.]" Wills v. Super. Ct. of
12 Orange Cnty., 195 Cal. App. 4th 143, 159-60 (2011) (internal quotation
13 marks and citations omitted).
14       Robinson argues the following allegation satisfies the
15 pleading requirement:

> Absent Ms. Sullivan's threats, [Robinson] was able
> to perform the essential functions of his job. In
> the presence of her threats, however, Plaintiff
> became unable to perform those essential functions.
> [Robinson] would have been able to continue
> performing the essential functions of his job if he
> were permitted to conduct his work without being
> threatened with discipline for refusing to
> participate in a practice that he knew, or in good
> faith believed, to violate Federal law.

22 (Opp'n 8:3-15 (quoting FAC ¶ 24).) However, these conclusory allegations
23 are not entitled to the presumption of truth. Robinson fails to allege
24 facts from which a reasonable inference could be drawn that he "could
25 perform the essential duties of the job with or without reasonable
26 accommodations" for his disability. Wills, 195 Cal. App. 4th at 159-60.
27 Therefore, this portion of HD Supply's motion is GRANTED.
28 //

**C. Failure to Provide a Reasonable Accommodation and Failure to Engage in the Interactive Process Claims**

HD Supply argues Robinson fails to "allege facts supporting a reasonable inference that [HD Supply] was aware of a need to engage in the interactive process and to [offer him reasonable] accomodat[ions]." (Mot. 15:4-7.) FEHA proscribes an employer from "fail[ing] to make reasonable accommodation for the known . . . mental disability of an . . . employee." Cal. Gov't Code § 12940(m). FEHA also imposes a duty on the employer "to engage in a timely, good faith, interactive process with the employee . . . [for the purpose of] determin[ing] effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee . . . with a known . . . mental disability." Id. § 12940(n). Therefore, "[t]he duties of employers under [sections] 12940(m) and 12940(n) are inextricably linked." Kelley v. Corrections Corp. of Am., 750 F. Supp. 2d 1132, 1140 (E.D. Cal. 2010) (citation omitted).

"The employee bears the burden of giving the employer notice of his . . . disability. Although no particular form of request is required, the duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is aware of [the employee's] disability and [related] limitations." Avila v. Cont'l Airlines, Inc., 165 Cal. App. 4th 1237, 1252-53 (2008) (internal quotation marks, citations, and alteration in original omitted). Therefore, "[t]he interactive process is triggered either by a request for accommodation by a disabled employee or by the employer's recognition of the need for such an accommodation." Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1112 (9th Cir. 2000), *vacated in part on other grounds*, U.S. Airways, Inc. v. Barnett, 535 U.S. 391 (2002).

Robinson argues the following allegations support drawing reasonable inferences that "[HD Supply] considered Plaintiff's PTSD a disability [and] that it saw a need a accommodate him":

> "[Robinson] informed [HD Supply] that he needed to take a walk in order to calm down" ([FAC] ¶ 19); "Mr. Gagon was aware of Ms. Sullivan's mistreatment of [Robinson] and did nothing to prevent it. In addition, Mr. Gagon knew that permitting Ms. Sullivan to continue to supervise [Robinson] created the risk that [he] would suffer additional injuries" ([FAC] ¶ 21); and "[HD Supply] knew of [Robinson's] medical leave and was also aware, based on the timing of the leave, that it was precipitated by Ms. Sullivan's mistreatment of [Robinson]. Nevertheless, [HD Supply] did nothing to prevent Ms. Sullivan from continuing her mistreatment of [Robinson], including preventing his ultimate termination." ([FAC] ¶ 22).

(Opp'n 9:1-13.)

However, these conclusory allegations do not support drawing a reasonable inference that HD Supply was aware of a need to engage in the interactive process and to accommodate Robinson's alleged disability. Therefore, this portion of HD Supply's dismissal motion is GRANTED.

**D. Wrongful Termination in Violation of Public Policy Claim**

HD Supply argues that since Robinson "fail[s] to allege sufficient facts to constitute a cause of action for disability discrimination," his derivative wrongful termination claim based on the statute prohibiting disability discrimination also fails. (Mot. 15:21-24.) Robinson counters that "[t]o the extent [his] underlying [disability discrimination] claim[] should not fail, neither should the Wrongful Termination claim." (Opp'n 9:21-22.)

"To prevail on a claim of wrongful termination in violation of public policy, a plaintiff employee must establish the existence of a public policy, a nexus between [his] termination and the protected

activity related to that public policy, and damages resulting from the termination." Scheller v. Am. Med. Response, Inc., No. 1:08-CV-00798, 2010 WL 2991508, at *18 (E.D. Cal. July 28, 2010) (citation omitted). "FEHA's provisions prohibiting discrimination may provide the policy basis for a claim for wrongful discharge in violation of public policy." Diaz v. Fed. Express Corp., 373 F. Supp. 2d 1034, 1065 (C.D. Cal. 2005) (internal quotation marks and citation omitted).

Since Robinson's FEHA disability discrimination "claim fails, his claim for wrongful termination in violation of public policy [based on disability discrimination also] fails." Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 229 (1999). Therefore, this portion of HD Supply's motion is GRANTED.

**E. Negligent Hiring and Retention Claim**

HD Supply argues "Robinson fail[s] to allege facts supporting a reasonable inference that HD [Supply] knew or should have known that hiring or retaining Sullivan created a particular risk or hazard and that particular harm materialized." (Mot. 17:12-19.) "An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." Delfino v. Agilent Techs., Inc., 145 Cal. App. 4th 790, 815 (2006) (internal quotation marks and citation omitted). "Negligence liability will be imposed upon the employer if it knew or should have known that hiring [or retaining] the employee created a particular risk or hazard and that particular harm materializes." Id. (internal quotation marks and citation omitted).

Robinson argues the following allegations support his claim:
> Mr. Gagon was aware of Ms. Sullivan's mistreatment of [Robinson] and did nothing to prevent it. In addition, Mr. Gagon knew that permitting Ms. Sullivan to continue to supervise [Robinson] created the risk that [Robinson] would suffer additional injuries.

1  (Opp'n 10:16-19 (quoting FAC ¶ 21).) However, these conclusory
2  allegations are not entitled to the presumption of truth. Robinson fails
3  to allege facts supporting a reasonable inference that "[HD Supply] knew
4  or should have known that hiring [or retaining Sullivan] created a
5  particular risk or hazard and that particular harm materialize[d]."
6  <u>Delfino</u>, 145 Cal. App. 4th at 815. Therefore, this portion of HD
7  Supply's motion is GRANTED.

## V. CONCLUSION

For the stated reasons, the dismissal motion is granted in part and denied in part. Robinson is granted ten (10) days from date on which this order is filed to file a Second Amended Complaint in which he addresses the deficiencies in any claim not dismissed with prejudice.

Dated:  September 7, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge