UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>HD SUPPLY, INC.,<br><br>Defendant. | No. 2:12-cv-604 GEB AC<br><br><br><br>ORDER |

On July 17, 2013, the court held a hearing on plaintiff's motion to exclude defendant's rebuttal expert. Sean Gavin appeared for plaintiff. Brian Inamine appeared for defendant. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A. <u>Facts Underlying Litigation</u>

The court incorporates by reference the factual allegations section set forth in the Honorable Garland E. Burrell, Jr.'s November 1, 2012 order granting in part and denying in part defendant's motion to dismiss plaintiff's second amended complaint ("SAC"). <u>See</u> Order, ECF No. 34 at 2-5.

B. <u>Relevant Procedural Background</u>

Plaintiff commenced this action on January 24, 2012 in the Sacramento County Superior

1

Court against defendant-employer HD Supply, Inc. ("HDS").  Notice of Removal ¶ 1, ECF No. 1. This matter was removed to this court on March 8, 2012 and is proceeding on a SAC filed September 20, 2012.  Following Judge Burrell's order partially granting defendant's motion to dismiss the SAC, four claims now remain: wrongful termination, disability discrimination, failure to provide reasonable accommodations, and retaliation.

On July 2, 2012, Judge Burrell issued a pretrial scheduling order setting forth dates in this matter, including the following expert disclosure dates:

> Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before February 15, 2013, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before March 15, 2013.

ECF No. 17 at 2.  The discovery deadline is July 21, 2013.  Id.

C.   Facts Underlying Discovery Dispute

   1.   Expert Disclosures

      a.   Initial Expert Disclosures

On February 15, 2013, plaintiff identified four non-retained experts by name, address, and telephone number: Elizabeth Willerup, NP; Cherie Coddington, CSW; Brian Dahmen, Ph.D.; and Kim Fuller, Ph.D.[1]  Gavin Decl. Ex. A, ECF No. 57-2.  Plaintiff did not provide the subject matter to which these individuals were expected to testify or a summary of their opinions.

Also on February 15, 2013, defendant served its initial expert disclosure list stating that "HDS does not designate any experts at this time.  HDS reserves its rights pursuant to FRCP 26(a)(2)(B)&(C) to serve a supplemental and/or rebuttal expert designation."  Pl.'s Mot. to Exclude Ex. A, ECF No. 55-1.

      b.   Rebuttal Expert Disclosures

On March 15, 2013, defendant served its rebuttal expert disclosure list identifying a single expert, Dr. Alan Brooker, a neuropsychologist.  Pl.'s Mot. Exclude Ex. B, ECF No. 55-2.  Per HDS, Dr. Brooker

---

[1] Kim Fuller was later withdrawn from the list of expert witnesses.

> is expected to provide testimony and opinions regarding plaintiff's neuropsychological injuries (if any), disability and accommodation claims (if any), claims of psychological impairments, diagnosis, prognosis, causation, the medical care and treatment rendered to plaintiff, his review of plaintiff's medical records, his examination of plaintiff and any future care for plaintiff. Dr. Brooker is further expected to provide testimony regarding all facets of neuropsychology as it relates to this case including but not limited to plaintiff's past, present and future neuropsychological condition. Dr. Brooker may also address the opinions of other physicians or medical providers who provided care to plaintiff or who were retained by plaintiff or other parties to act as [an] expert witness, or [a] non retained expert, in this case.

Id.

Specifically, Dr. Brooker's opinions are that:

> 1. Any alleged stress that Mr. Robinson claims he suffered and any alleged threats that he claims were made to him while he was employed by HD Supply did not exacerbate his alleged pre-existing PTSD;
>
> 2. Any alleged stress that Mr. Robinson claims he suffered and any alleged threats that he claims were made to him while he was employed by HD Supply did not exacerbate his reliance on medication for PTSD;
>
> 3. Mr. Robinson was capable of performing essential functions of his job as an Assistant Transportation Manager throughout his employment with HD Supply;
>
> 4. Any alleged stress that Mr. Robinson claims he suffered and any alleged threats that he claims were made to him while he was employed by HD Supply did not hinder his ability to concentrate on the task, did not require accommodation, and did not hinder his ability to accomplish essential job functions throughout his employment with HD Supply;
>
> 5. Mr. Robinson did not suffer emotional distress as a result of his employment with HD Supply; [and]
>
> 6. Mr. Robinson suffers from chronic alcohol dependency issues.

Opp'n Pl.'s Mot. Exclude Ex. E, ECF No. 57.

Attached to HDS's rebuttal expert disclosure were Dr. Brooker's signed expert report, CV, and a fee schedule. Opp'n Pl.'s Mot. Exclude Ex. E, ECF No. 57. Missing, however, were a list of prior cases in which Dr. Brooker provided testimony and the list of materials and information review by Dr. Brooker in providing his opinions. The list of prior cases was submitted on April 11, and the list of materials reviewed by Dr. Brooker was provided on April

3

1   18. The materials reviewed included plaintiff's medical and psychological records[2], plaintiff's

2   HDS personnel file, and the SAC. Opp'n Pl.'s Mot. Exclude Ex. J, ECF No. 57.

### c. Supplemental Expert Disclosures

Though the scheduling order is silent on the issue of supplemental expert disclosures, plaintiff filed a supplemental expert witness list on May 10, 2013 identifying two more experts and stating, as to all now-five expert witnesses, that each was "Plaintiff's medical provider and has knowledge as to Plaintiff's medical diagnosis and/or treatment." HDS Opp'n to Pl.'s Mot. Exclude Bonoli Decl. Ex. L, ECF No. 57-3 at 111-13. Plaintiff again failed to submit expert reports or a summary of these individuals' opinions.

### 2. Depositions of Plaintiff's Experts

Following plaintiff's initial expert disclosure report, HDS attempted to depose all of the experts, but faced considerable trouble from their employer, the Veteran's Administration ("VA"), which refused to produce them. After four months of meet and confer efforts and defendant's filing of a motion to compel and a related motion in limine, the VA ultimately produced the witnesses with limitations as to deposition time (Ms. Coddington for 0.5 hours, Mr. Dahmen for 1.5 hours, and Ms. Willerup for 2 hours) and scope of testimony (only that which is provided in the medical record). These depositions occurred in June 2013.

### 3. The Instant Dispute

On June 19, 2013, plaintiff filed the instant motion to exclude Dr. Brooker on the grounds that: (1) none of the six opinions offered by Dr. Brooker are intended to rebut any of the opinions made by plaintiff's non-retained experts, which (per plaintiff) were limited to opinions such as "[Mr. Robinson] is experiencing increased irritability at work [and] is concerned that work will terminate him"; and (2) the disclosure of Dr. Brooker was incomplete and HDS has yet to remedy the deficiencies in the report.[3]

---

[2] These records were not produced in relation to either this motion or defendant's motion to compel. It is therefore difficult for the court to determine exactly to what testimony any of the experts are expected to offer.

[3] Also pending before the court is defendant's motion to compel an independent medical examination of plaintiff. That motion will be addressed by separate order.

LEGAL STANDARDS

A.    Disclosure Requirements for Retained v. Non-Retained Expert Witnesses

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Generally, the disclosure regarding expert testimony is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. See Adv. Comm. Notes to 1993 Amendments. The Federal Rules contemplate two different classes of experts: those retained or specially employed to give expert testimony in a case, and witnesses who are not retained or specially employed but, nevertheless, may provide expert testimony. See Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 298 (D. Nev. 1998) (citing Piper v. Harnischfeger Corp., 170 F.R.D. 173, 174 (D. Nev. 1997)). For experts "retained or specifically employed to provide expert testimony" the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Expert reports eliminate unfair surprise and conserve resources. Elgas, 179 F.R.D. at 299 (citation omitted). The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [ ] avoided, and costs are reduced." Id. As the Advisory Committee Notes state: "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.

A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order." See Adv. Comm. Notes to 1993 Amendments.

The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered. To resolve this tension, the Federal Rules were amended in 2010 to add Rule 26(a)(2)(C), which requires certain disclosures regarding an expert witness who is not required to provide a written report. Specifically, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify." See Fed. R. Civ. P. 26(a)(2)(C). These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." See Adv. Comm. Notes to 2010 Amendments. The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts "must take care against requiring undue detail." Id. Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness.

Generally, a treating physician is not retained or specially employed to provide expert testimony as he or she is a percipient witness of the treatment rendered. However, in Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011), the Ninth Circuit addressed the situation of "hybrid" experts and provided guidance regarding when a treating physician must prepare a Rule 26(a)(2)(B) report. Goodman confirms that a treating physician is not required to make a Rule 26(a)(2)(B) report to the extent the treating physician's opinions are formed during the course of treatment and limited to the scope of treatment rendered. 644 F.3d at 826.

This does not end the court's inquiry as Rule 26(a)(2) requires a specific disclosure of information by experts not required to provide a written report. See Fed. R. Civ. P. 26(a)(2)(C). As indicated above, when identifying experts such as treating physicians who are not retained or

6

1 specially employed, the party must state the "subject matter" on which the witness is expected to
2 testify and "a summary of the facts and opinions" to which the witness is expected to testify. See
3 Fed. R. Civ. P. 26(a)(2)(C).

4     Both the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure "share the goal
5 of increasing efficiency and reducing unfair surprise." Brown v. Providence Medical Center,
6 2011 WL 4498824, at *1 (D. Neb. 2011). Rule 26(a)(2)(C) requires the timely disclosure of a
7 "summary of the facts and opinions" to which a proposed witness will testify.

8 B.    Rebuttal Expert Witnesses

9     Within thirty days after a party discloses an expert, the other party may designate a
10 rebuttal expert whose testimony must "contradict or rebut evidence on the same subject matter
11 identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(D)(ii). The rebuttal
12 expert's testimony is only proper as long as it addresses the same subject matter that the initial
13 experts address and does not introduce new arguments. See Meyer Mfg. Co. v. Telebrands Corp.,
14 No. 2:11-cv-03153, 2013 WL 3242209, at *2 (E.D. Cal. June 20, 2013); see also General Elec.
15 Co. v. Wilkins, 1:10-cv-00674, 2012 WL 5398407, at *2-3 (E.D. Cal. Nov. 2, 2012); Perez v.
16 State Farm Mut. Auto. Ins. Co., No. C06-01962, 2011 WL 8601203, at *6 (N.D. Cal. Dec. 7,
17 2011).

18 C.    Sanctions Pursuant to Federal Rule of Civil Procedure 37(c)(1)

19     Federal Rule of Civil Procedure 37(c)(1) specifies that should a party fail to properly
20 disclose an expert or rebuttal expert, "the party is not allowed to use that information or witness
21 to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially
22 justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) is limited to a party's failure "to
23 provide information or identify a witness as required by Rule 26(a) or 26(e)." See id. The burden
24 to prove harmlessness is on the party seeking to avoid Rule 37's sanction. Goodman v. Staples
25 The Office Superstore, L.L.C., 644 F.3d 817, 827 (9th Cir. 2011) (citing Yeti by Molly, Ltd. v.
26 Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

27 ////

28 ////

DISCUSSION

Plaintiff seeks to exclude Dr. Brooker as a rebuttal expert witness (1) because his opinions exceed the scope of Plaintiff's experts' opinions, and Dr. Brooker therefore should have been identified as an expert witness in defendant's case-in-chief, and (2) because his disclosure as an expert witness was and remains incomplete.

A.   Dr. Brooker's Rebuttal Opinions

Plaintiff argues first that Dr. Brooker's opinions should be excluded because they are not intended solely to contradict or rebut evidence on the same subject matter as plaintiff's experts. Pl.'s Mot. Exclude 3, ECF No. 55.  Plaintiff claims that his experts did not offer opinions regarding the subjects that Dr. Brooker addressed in his report.  Rather, their opinions are limited to statements such as "[Mr. Robinson] is experiencing increased irritability at work [and] is concerned that work will terminate him."  Further, plaintiff contends that none of the materials reviewed by Dr. Brooker addressed the broad subject matter presented in Dr. Brooker's report. Id.

The court's analysis here is hindered by the fact that plaintiff did not submit any reports or opinion summaries with his initial expert disclosure.  Additionally, neither party submitted any of plaintiff's medical records or the deposition transcripts of any of the three expert witnesses who have been deposed.  This of course makes it impossible to compare Dr. Brooker's opinions to any of those offered by plaintiff's experts or expressed in the medical record.

Plaintiff's own failure to provide expert opinion summaries also undercuts his objection to the scope of Dr. Brooker's report.  Defendant cannot be faulted for presenting a report that attempted to rebut its best guess regarding the substance of plaintiff's expert opinions.  To the extent that Dr. Brooker's report offered a wide-ranging set of opinions based on the information he had before him -- plaintiff's medical record, personnel file, and the SAC – any overbreadth in the report is a product of plaintiff's own failure to comply with Rule 26.

In any event, the law is well-established that Dr. Brooker's opinions, as those of a rebuttal witness, will admissible in evidence only insofar as they rebut those expressed by plaintiff's experts.  See, e.g., Linder v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 636 (D. Haw. 2008).

Issues regarding admissibility of the report itself, or of opinions reflected in the report, may well arise in the contexts of summary judgment or trial, but are not before the undersigned at this time.

Plaintiff misses the mark in arguing that defendant violated Rule 26 by failing to disclose Dr. Brooker as an initial expert witness under Rule 26(a)(2)(B). Defendant made a tactical decision to identify Dr. Brooker as a rebuttal witness. Plaintiff need not worry that the scope of his report has transformed Dr. Brooker into an expert witness who will be permitted to testify in defendant's case-in-chief . As the undersigned noted at the hearing, defendant's tactical decision actually works in plaintiff's favor since the scope of Dr. Brooker's testimony will be limited to rebuttal testimony. For all these reasons, the scope of Dr. Brooker's report does not support his exclusion as a discovery sanction.

2.  Dr. Brooker's Incomplete Rebuttal Expert Disclosure

Plaintiff next argues that Dr. Brooker's rebuttal expert disclosure was incomplete per Federal Rule of Civil Procedure 26(a)(2)(B) because it was lacking in four ways. First, it lacked a complete statement of all opinions the witness will express. For example, as to Dr. Brooker's fourth opinion – that plaintiff was capable of performing essential functions of his job – Dr. Brooker failed to specify exactly *which* of the many functions of his job plaintiff could perform. Plaintiff also claims that Dr. Brooker failed to specify "the basis and reasons" for his opinions, that he failed to include deposition or arbitration testimony from other cases in which he was involved, and that the belatedly-provided list of materials reviewed by Dr. Brooker was not signed by him.

Plaintiff is correct that Dr. Brooker's rebuttal expert designation was lacking in several respects. Defendant admits as much and has attempted to correct the mistakes:

- On April 11, 2013, Defendant sent Plaintiff a list of "Court Testimony" noting cases in which Dr. Brooker was involved. Plaintiff notes that the list is not signed by Dr. Brooker and fails to include deposition and arbitration testimony as required by Rule 26(a)(2)(B).
- On April 18, 2013, Defendant forwarded the list of facts and data Dr. Brooker considered when making his opinions. This included plaintiff's medical record, plaintiff's personnel file, and the SAC.

9

1   Defendant's failure to comply with the Rule 26 expert disclosure requirements will not
2 support exclusion of the witness if defendant can show that the errors were harmless.  See Torres
3 v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).  Defendant contends that Dr.
4 Brooker's disclosure included a satisfactory report because it provided plaintiff with "sufficient
5 information to test a purported expert's qualifications and cross-examine and/or depose the expert
6 regarding his or her opinions."  Id. (quoting Phillips v. Netblu, Inc., No. C-05-4401, 2007 WL
7 528722, at *2 (N.D. Cal. 2007)).  Defendant further contends that Rule 26(a)(2)(B) and 37(c)(1)
8 exist to "prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a
9 timely fashion, and thereby potentially deprive a [party] of the opportunity to depose the proposed
10 expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related
11 discovery."  Id.  Defendant claims that his report did not create an unfair tactical advantage and
12 notes that Plaintiff has not made any effort to depose Dr. Brooker.  Id.  The court agrees.
13 Nonetheless, deficiencies remain in Dr. Brooker's report even after supplementation.
14 Accordingly, defendant shall provide further supplementation correcting the deficiencies noted by
15 plaintiff.

16   Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's June 5, 2013 motion
17 to exclude (ECF No. 55) is denied.  Furthermore, within seven days (7) from the date of this
18 order, defendant shall submit to plaintiff signed copies of all of Dr. Brooker's submissions, shall
19 identify deposition or arbitration testimony from other cases in which Dr. Brooker was involved,
20 shall direct Dr. Brooker to specify which of the many functions plaintiff could continue to
21 perform at HDS, and shall specify "the basis and reasons" for each of Dr. Brooker's opinions.
22 DATED: July 19, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;robi0604.disc_excl