UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS ROBINSON,<br><br>              Plaintiff,<br><br>      v.<br><br>HD SUPPLY, INC.,<br><br>              Defendant. | No.  2:12-cv-604 GEB AC<br><br><br><br>ORDER |

On July 19, 2013, the undersigned denied plaintiff's motion to exclude defendant's expert witness, but directed defendant to supplement its expert's disclosures on or before July 24, 2013 as follows: defendant shall submit to plaintiff signed copies of all of Dr. Alan Brooker's submissions, shall identify deposition or arbitration testimony from other cases in which Dr. Brooker was involved, shall direct Dr. Brooker to specify which of the many functions plaintiff could continue to perform at HDS, and shall specify "the basis and reasons" for each of Dr. Brooker's opinions.  On the same day, the court also denied defendant's motion to compel an independent medical examination ("IME") of plaintiff.

Defendant has now filed an ex parte application to modify this court's July 24, 2013 deadline for supplementation because (1) Dr. Brooker has been unavailable to prepare a supplemental report, (2) on July 22, 2013, plaintiff produced a disc containing over 3,000 pages of documents, which includes additional medical records, and (3) it intends to file a motion for

1

reconsideration of the undersigned's order denying defendant leave to conduct an IME. Defendant asks for an additional 60 days to comply with the undersigned's July 19, 2013 order. For the reasons set forth here, this ex parte application will be denied.

On July 2, 2012, the Honorable Garland E. Burrell, Jr. issued a pretrial scheduling order setting the discovery deadline as July 21, 2013, the deadline for filing dispositive motions as September 23, 2013, and the date for the final pretrial conference as November 18, 2013. ECF No. 17. Pursuant to the stipulation of the parties, Judge Burrell modified the discovery deadline on July 24, 2013 for the limited purpose of completing the depositions of plaintiff's former supervisor, a former employee of defendant, and Dr. Brooker. ECF No. 67. Discovery therefore is now closed other than to conduct these three depositions, which must be completed by August 30, 2013.

In light of these deadlines, the undersigned finds that defendant's request for a sixty-day extension of time to supplement Dr. Brooker's report would interfere substantially with Judge Burrell's scheduling order. Were defendant to prevail on its request, Dr. Brooker's supplemental report would be due on or around the date for filing dispositive motions. This, of course, would leave hardly any time for plaintiff to review the report before filing his own dispositive motion, should he so wish.

Additionally, the court rejects defendant's argument that it "is without fault in creating the current situation because it has acted diligently." Convinced of its diligence, defendant argues that it was "unexpected that the Court would set a one-week deadline to prepare and serve a supplemental expert report." ECF No. 68 at 6. But it was precisely because of its failure to provide a complete expert report in the first instance that plaintiff asked the court to order supplementation, and defendant has been on notice since at least April 2013 that the expert's report was deficient. Moreover, the one-week deadline was set because Judge Burrell, in the scheduling order, defined "completed" in the context of discovery to mean that "any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired." ECF No. 17 at 2. Here, the parties' discovery motions

were set for hearing on July 17, 2013, with less than one week's time to comply with any discovery orders before the discovery deadline. Therefore, the one-week deadline should not have been unexpected.

Accordingly, IT IS HEREBY ORDERED that the court declines to modify its order to the extent it asks for a modification of Judge Burrell's scheduling order. Any such requests shall be directed to Judge Burrell directly.

DATED: July 26, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;robi0604.jo