UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS ROBINSON,<br><br>        Plaintiff,<br><br>   v.<br><br>HD SUPPLY, INC., a corporation,<br><br>        Defendant. | No. 2:12-cv-00604-GEB-AC<br><br>**ORDER** |

Defendant requests reconsideration of the Magistrate Judge's July 19, 2013 order (ECF No. 64), which denied Defendant's Federal Rule of Civil Procedure ("Rule") 35 motion to compel a mental examination of Plaintiff. Defendant argues the order "incorrectly determined that Plaintiff's PTSD was not 'in controversy[,]'" and "incorrectly determined that 'good cause' did not exist for the mental examination." (Def.'s Req. for Recons. 2:11-2:22, ECF No. 71.) Defendant also seeks, in its request for reconsideration of the Magistrate Judge's July 19, 2013 order, an "exten[sion of] the discovery cut-off to allow sufficient time for Dr. Brooker . . . to prepare a supplemental expert report." (Id. at 13:15-14:9.)

**A.  Reconsideration of July 19, 2013 Order**

Defendant argues, *inter alia*, that "the July 19, 2013 order [("the Order")] incorrectly determined that 'good cause'

1

did not exist for the [desired] mental examination even though there are no other means by which [Defendant] can obtain the information needed to rebut Plaintiff's expert testimony relating to Plaintiff's mental state without its own examination." (Id. at 2:19-22.) Defendant argues:

> Plaintiff has designated five health care providers as experts, all of whom have purportedly treated Plaintiff for PTSD and emotional distress. The [Order] potentially allows Plaintiff to parade these individuals and the medical/psychological records that they prepared in front of a jury to explain Plaintiff's PTSD and his emotional distress. By [the Order], [Defendant] will have no ammunition to defend itself against this testimony and the medical records. A mental examination is required to (1) allow [Defendant] to evaluate whether Plaintiff's exacerbation of PTSD and emotional distress claims are valid and (2) allow [Defendant] to refute the opinions of Plaintiff's experts. The mental examination is the only way [Defendant] can obtain this information.

(Id. at 10:2-12.)

Plaintiff counters that "'good cause' generally requires a showing . . . [concerning] the need for the information sought and a lack of means for obtaining it elsewhere." (Pl.'s Opp'n 4:14-17, ECF No. 76.) Plaintiff argues: "there is no indication that the information regarding Plaintiff's claimed mental and emotional injuries is unavailable elsewhere. To the contrary, Defendant has had an ample opportunity to review Plaintiff's medical records and depose the relevant witnesses." (Id. at 4:18-20 (internal quotation marks and brackets omitted).)

"If a party objects to a nondispositive pretrial ruling by a magistrate judge, the district court will review or

reconsider the ruling under the 'clearly erroneous or contrary to law' standard." Mackey v. Frazier Park Public Utility Dist., No. 1:12-CV-00116-LJO-JLT, 2012 WL 5304758, at *2 (E.D. Cal. Oct. 25, 2012) (quoting Fed. R. Civ. P. 72(a)). "A magistrate judge's factual findings are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." Id. (quoting Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). "However, the district court 'may not simply substitute its judgment for that of the deciding court.'" Id. (quoting Grimes v. City of S.F., 951 F.2d 236, 241 (9th Cir. 1991)). "An order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Id. (quoting Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008)). "A magistrate judge's pre-trial discovery orders are generally considered nondispositive orders." Id. (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990)).

Rule 35 governs the ordering of mental examinations. It prescribes, in relevant part:

> The court . . . may order a party whose mental . . . condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner. . . . [Such an order] may be made only on motion for good cause and on notice to all parties and the person to be examined . . . .

"The moving party bears the burden of establishing the 'in controversy' and 'good cause' requirements." Mackey, 2012 WL 5304758, at * 3; see also Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964) ("Rule 35 . . . requires discriminating application

3

by the trial judge, who must decide . . . whether the party requesting a mental . . . examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause' . . . .").

> "Good cause" generally *requires a showing of specific facts justifying discovery*. Factors that courts have considered include, but are not limited to, *the possibility of obtaining desired information by other means*, whether plaintiff plans to prove [his or] her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress.

Franco v. Boston Scientific Corp., No. 05-CV-1774 RS, 2006 WL 3065580, at *1 (N.D. Cal. Oct. 27, 2006) (emphasis added).

Here, the Magistrate Judge held that Defendant did "not demonstrate[] good cause to conduct an IME[,]" essentially stating that Defendant did not show the desired information was unavailable from another source. (Order 9:17-10:10, ECF No. 64.) Defendant has not shown the Magistrate Judge's ruling on the "good cause" issue was clearly erroneous or contrary to law.[1]

> Defendant[] ha[s] obtained medical records from each of [Plaintiff's] providers[, and] ha[s] . . . deposed [a number of Plaintiff's treating physicians], whom [Plaintiff] has designated as her expert[s]. . . . Defendant[] ha[s] failed to present any evidence why an additional evaluation is needed or how this additional evaluation would contribute to an understanding of [Plaintiff's] condition.

Mackey, 2012 WL 5304758, at *4 (denying the defendants' motion

---

[1] Since Defendant has not shown that the Magistrate Judge's ruling on the "good cause" issue was clearly erroneous or contrary to law, decision on whether the Magistrate Judge erred in deciding Plaintiff's PTSD is not "in controversy" is unnecessary.

4

for reconsideration of the magistrate judge's order denying defendant's motion to compel a mental examination).

For the stated reasons, Defendant's request for reconsideration is DENIED.

**B.   Request to Modify the Status Order**

On July 19, 2013, the Magistrate Judge denied Plaintiff's motion to exclude Defendant's rebuttal expert, Alan E. Brooker, Ph.D. However, in the July 19, 2013 order, the Magistrate Judge ordered Defendant to

> submit to [P]laintiff signed copies of all of Dr. Brooker's submissions, . . . identify deposition or arbitration testimony from other cases in which Dr. Brooker was involved, . . . direct Dr. Brooker to specify which of the many functions [P]laintiff could continue to perform at HDS, and . . . specify "the basis and reasons" for each of Dr. Brooker's opinions [no later than July 26, 2013].

(Order 10:17-21, ECF No. 65.)

On July 25, 2013, Defendant filed an ex parte application seeking an extension of "at least 60 days" to serve a supplemental expert report by Dr. Brooker in response to the referenced order. (Def.'s Ex Parte Appl. 7:15-21, ECF No. 68.) The Magistrate Judge denied Defendant's ex parte application on July 29, 2013, stating in relevant part:

> the undersigned finds that [D]efendant's request for a sixty-day extension of time to supplement Dr. Brooker's report would interfere substantially with Judge Burrell's [status] order. Were [D]efendant to prevail on its request, Dr. Brooker's supplemental report would be due on or around the date for filing dispositive motions. This, of course, would leave hardly any time for [P]laintiff to review the report before filing his own dispositive motion, should he so wish.

. . . .

Accordingly, IT IS HEREBY ORDERED that the court declines to modify its order to the extent it asks for a modification of Judge Burrell's [status] order. Any such requests shall be directed to Judge Burrell directly.

(Order 2:12-3:6, ECF No. 70.)

Defendant now requests the undersigned to modify the status order "to allow sufficient time for Dr. Brooker . . . to prepare a supplemental expert report." (Def.'s Req. for Recons. 13:13-14:9.) Defendant argues:

> [T]he Court in its July 2, 2012 [status order] (ECF No. 17) set a July 23, 2013 discovery cut-off date. This date was extended, by stipulation, to August 30, 2013 for limited discovery[, including to take the deposition of Dr. Alan Brooker] (ECF No. 27). On July 19, 2013, the Magistrate Judge issued another order requiring a supplemental report by . . . Dr. Brooker . . . by July 26, 2013. Because [Defendant] intended to seek reconsideration of the Magistrate Judge's order [denying Defendant's Rule 35 motion to compel a mental examination], because Dr. Brooker was unavailable to prepare and sign an additional report by July 26th[,] and because Plaintiff produced several thousand pages of documents on July 22nd[,] . . . including additional medical records that had not been previously produced by Plaintiff, [Defendant] filed an ex parte application with the Magistrate Judge to extend the July 26th deadline. The Magistrate Judge denied this ex parte [application] as well, deferring to this Court. (ECF No. 70.) With the Court's current July 26th deadline for a supplemental report, [Defendant] expects that Dr. Brooker will prepare an additional report if [Defendant's] Request for Reconsideration is successful and Dr. Brooker is allowed to conduct the mental examination. [Defendant] requests that this Court modify the discovery cut-off date to allow [Defendant] sufficient time to evaluate the recent production of documents, to allow for a determination of [Defendant's] Request for Reconsideration . . . , and to allow for Dr. Brooker to conduct the mental examination of

      Plaintiff, if this Court grants [Defendant's]
      Request for Reconsideration.

(Id. at 13:13-14:4.)

    Plaintiff opposes Defendant's request to modify the status order, arguing "[t]here is no explanation for why Dr. Brooker has been unavailable in the two intervening weeks to provide the basic expert report information that should have been provided more than four months ago[,]" and "Defendant has now had weeks to review Plaintiff's supplemental document production, [but] has yet to identify a single page of medical records that had not been previously produced." (Pl.'s Opp'n 6:20-7:2.) Plaintiff further rejoins that under the circumstances, "Defendant has not shown good cause for a modification of the [status] order beyond what has already been stipulated to by the parties." (Id. at 7:18-8:19.)

    Defendant has not shown that whatever portions of the status order it seeks to amend should be amended under Rule 16(b)'s "good cause" standard. Nor has Defendant indicated precisely how the amendment he seeks would affect the prescribed discovery completion date, the law and motion last hearing date, or other currently scheduled dates.

    The status order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). A status order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not

7

compatible with a finding of diligence and offers no reason for a grant of relief." Id. "If th[e] party [seeking amendment] was not diligent, the inquiry should end." Id.

As the Magistrate Judge stated in response to Defendant's diligence arguments:

> the court rejects [D]efendant's argument that it "is without fault in creating the current situation because it has acted diligently." Convinced of its diligence, [D]efendant argues that it was "unexpected that the Court would set a one-week deadline to prepare and serve a supplemental expert report." ECF No. 68 at 6. But it was precisely because of its failure to provide a complete expert report in the first instance that [P]laintiff asked the court to order supplementation, and [D]efendant has been on notice since at least April 2013 that the expert's report was deficient. Moreover, the one-week deadline was set because Judge Burrell, in the [status] order, defined "completed" in the context of discovery to mean that "any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired." ECF No. 17 at 2. Here, the parties' discovery motions were set for hearing on July 17, 2013, with less than one week's time to comply with any discovery orders before the discovery deadline. Therefore, the one-week deadline should not have been unexpected.

(Order 2:18-3:3, ECF No. 70.)

For the stated reasons, Defendant's request to modify the status order is DENIED.

Dated: August 28, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

8