UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS ROBINSON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>HD SUPPLY, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. 2:12-cv-00604-GEB-AC<br><br>**ORDER ON MOTIONS IN LIMINE** |

Defendant, in two motions in limine, seeks to exclude expert witness testimony of healthcare practitioners Douglas R. Wood, Ph.D., Robert Carr, R.N., Elizabeth Willerup, N.P., Cherie Coddington, C.S.W., and Brian Dahmen, Ph.D. under Federal Rules of Civil Procedure ("Rules") 26 and 37, arguing, inter alia, that Plaintiff's disclosure of these expert witnesses was deficient. (Def.'s Mot. in Limine ("MIL") No. 2 2:17-21, ECF No. 74; MIL No. 3 2:14-24, ECF No. 77.)

### I.  BACKGROUND

The status order in this case prescribes the following expert disclosure deadline: initial expert witnesses were to have been disclosed on or before February 15, 2013, and "contradictory and/or rebuttal expert disclosure" on or before March 15, 2013. (Status (Pretrial Scheduling) Order 2:14-18, ECF No. 17.)

On February 15, 2013, Plaintiff disclosed four non-retained expert witnesses: Ms. Willerup, Ms. Coddington, and Dr. Dahmen, and one additional expert since withdrawn. Plaintiff's disclosure provided the names, addresses, and phone numbers of each disclosed witness but did not provide further information. (See Decl. Brian S. Inamine Supp. MIL No. 2 ("Inamine Decl."), Ex. A 2:1-25, ECF No. 75.)

On May 10, 2013, in a supplemental disclosure of expert witnesses, Plaintiff disclosed two additional non-retained expert witnesses: Dr. Wood and Mr. Carr. At that time, Plaintiff also provided the following description of each of the five expert's anticipated testimony: "This witness is Plaintiff's medical provider and has knowledge as to Plaintiff's medical diagnosis and/or treatment." (Id., Ex. B 2:1-13.)

Defendant's counsel avers that his "office repeatedly advised [Plaintiff's counsel] that [Plaintiff's] expert designations did not include the subject matter and summary of facts and opinions of the designated experts," but Plaintiff's counsel "never amended the designations to remedy these defects." (Inamine Decl. ¶ 6.) The prescribed deadline for completion of discovery was July 23, 2013. (Status (Pretrial Scheduling) Order 2:7.)

**II.   DISCUSSION**

**A. Exclusion of Expert Testimony Under Rule 37(c)(1)**

In Motions in Limine 2 and 3, Defendant seeks orders "[p]recluding Plaintiff and his attorneys from introducing any written or oral testimony or opinions from the following" five non-retained experts: Dr. Wood, Mr. Carr, Ms. Willerup, Ms.

2

Coddington, and Dr. Dahmen. (MIL No. 2 2:17-21; MIL No. 3 2:20-24.) Defendant argues, inter alia, that Plaintiff's experts should be excluded because Plaintiff's expert witness disclosures "failed [to] state the 'subject matter' and 'a summary of facts and opinions' on which the witnesses are expected to testify, as required under Rule 26(a)(2)(C)." (MIL No. 2 8:19-22; see MIL No. 3 5:13-14.)

Plaintiff rejoins that the aforementioned statement,[1] included next to each expert's name on Plaintiff's Supplemental Disclosure of Expert Witnesses, "[s]urely . . . put Defendant on reasonable notice of the subject matter of their anticipated testimony." (Pl.'s Opp'n to Def.'s MIL #2 ("Pl.'s Opp'n #2") 6:9-10, ECF No. 83.; Pl.'s Opp'n to Def.'s MIL #3 ("Pl.'s Opp'n #3") 3:18-19, ECF No. 86.)

Rule 26(a)(2) "requires parties to disclose the identity of any expert witness." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011). Rule 26(a)(2)(B) requires disclosure of a detailed, written expert report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). "[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." Goodman, 644 F.3d at 826. Under Rule 26(a)(2)(C), even when a detailed, written expert report is not required, a party offering the expert's testimony must disclose: "(i) the subject matter on

---

[1] See supra 2 ("This witness is Plaintiff's medical provider and has knowledge as to Plaintiff's medical diagnosis and/or treatment.").

3

which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The drafters of Rule 26(a)(2)(C) contemplated that that this more limited disclosure requirement would apply to "physicians or other health care professionals." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note (2010).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "The Advisory Committee Notes describe [Rule 37(c)(1)] as a "self-executing," "automatic" sanction to "provide[] a strong inducement for disclosure of material." Id. (quoting Fed. R. Civ. P. 37(c) advisory committee's notes (1993)).

Failure to provide an expert report under Rule 26(a)(2) is only excused if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). "In determining whether" expert testimony should

be excluded, "the burden is on the party facing the sanction," in this case, Plaintiff, "to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008) (citing Yeti, 259 F.3d at 1107).

While Plaintiff was not required to file a detailed, written report under Rule 26(a)(2)(B) for his treating healthcare providers, to the extent he seeks to elicit expert opinion testimony from these individuals, he was required to disclose the expected "subject matter" of that testimony and "a summary of the facts and opinions to which the witness[es] [are] expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "Courts must take care against requiring undue detail" in such disclosures, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Id. advisory committee's note (2010). Nevertheless, Plaintiff's disclosures are insufficient under the rule. Plaintiff's disclosure that these witnesses are "medical provider[s] and have knowledge as to Plaintiff's medical diagnosis and/or treatment," (Inamine Decl."), Ex. A 2:1-25), suggests the subject matter of these witnesses' testimony but fails to provide a "summary of the facts and opinions to which the witness[es] are expected to testify." Fed. R. Civ. P. 26(a)(2)(C). See Pineda v. Cnty. of S.F., 280 F.R.D. 517, 523 (N.D. Cal. 2012) (holding that a disclosure stating that non-retained treating physicians "will present factual and opininon testimony on causation, diagnosis, prognosis, [and] extent of [plaintiff's] disability" based on a review of plaintiff's medical records insufficient under Rule

1  26(a)(2)(C)); see also Gorrell v. Sneath, No. 1:12-cv-0554-JLT, 2013 WL 4517902, at *3 (E.D. Cal. Aug. 26, 2013) (holding that identifying "the general topics to which [non-retained experts] would testify" does not satisfy Rule 26(a)(2)(C)).

Plaintiff suggests any deficiency in his expert disclosures was "substantially justified" because he "had no opportunity to consult with these non-retained experts to gauge their capacity to recall Plaintiff's specific diagnosis or treatment" and thus "it was largely impossible to offer a more specific summary of facts or opinions." (Pl.'s Opp'n #2 6:11-14; Pl.'s Opp'n #3 3:20-23.) This conclusory assertion does not satisfy Plaintiff's burden of demonstrating that he was substantially justified in failing to disclose a "summary of the facts and opinions" concerning the expected trial testimony of each of these witnesses. Fed. R. Civ. P. 26(a)(2)(C)(ii).

Plaintiff also contends the disclosures were harmless since "Defendant previously admitted to this Court that it was aware of the subject matter and summary of facts and opinions of Plaintiff's expert witness testimony" because in Defendant's Opposition to Plaintiff's Motion to Exclude Defendant's Rebuttal Expert, (ECF No. 57), Defendant argued that its rebuttal "expert report *directly* contradicts the same subject matter as that addressed by Plaintiff's experts." (Pl.'s Opp'n #2 6:15-16, 6:19-20; Pl.'s Opp'n #3 4:10-11, 4:14-15.) Defendant also stated in that filing:

> Plaintiff's initial expert designation confirmed that Plaintiff would be relying upon his health care providers, but because the initial designation was silent as to the scope of the experts' opinions [Defendant]

6

>           and [the rebuttal expert] had to rely upon
>           Plaintiff's medical records. These records
>           showed that Plaintiff's experts treated him
>           for [post-traumatic stress disorder ("PTSD")]
>           and broadly detailed the experts' analysis of
>           symptoms and the cause, origin and diagnosis
>           of the PTSD. Plaintiff and his experts are
>           attempting to attribute the PTSD, Plaintiff's
>           mental and emotional problems and everything
>           relating to PTSD to [Defendant] and
>           Plaintiff's employment with [Defendant].

(Def.'s Opp'n Pl.'s Mot. to Exclude Def.'s Expert 9:26-10:5, ECF No. 57.) While Defendant has indicated that it has reviewed Plaintiff's medical records, Defendant has not admitted that it understands the "facts and opinions" concerning which Plaintiff's expert witnesses are expected to testify. Fed. R. Civ. P. 26(a)(2)(C)(ii). Failure to disclose the scope of expected expert testimony may prejudice an opposing party in its ability to properly depose that witness, select a rebuttal expert witness, and prepare for trial. Therefore, Plaintiff has not sustained his burden of demonstrating harmlessness, and Dr. Wood, Mr. Carr, Ms. Willerup, Ms. Coddington, and Dr. Dahmen are excluded as experts. See BP W. Coast Prods, LLC v. Shalabi, No. 11-cv-1341 MJP, 2013 WL 1694660, at *2 (W.D. Wash. Apr. 18, 2013) (excluding witness as experts where the non-moving party failed "to provide more than a one sentence description" of expected expert testimony, leaving the moving party "no way of preparing to oppose the witnesses").

Defendant also seeks an order "[p]rohibiting Plaintiff, and his attorneys and witnesses[] from referring to [] Plaintiff's non-retained experts in the presence of jurors or prospective jurors; and [d]irecting Plaintiff's attorneys to

7

immediately inform Plaintiff and Plaintiff's other witnesses of the terms of this Order *in limine*." (MIL No. 2 2:22-26; MIL No. 3 2:25-3:3.) Plaintiff has not shown that the requested order is necessary in light of the above ruling. Therefore, it is denied.

### B. Exclusion of Witnesses Under Rule 26(b)(2)(C)(i)

In Motion in Limine 2, Defendant moves under Rule 26(b)(2)(C)(i) to exclude testimony it anticipates Dr. Wood and Mr. Carr will give, arguing it would be "unreasonably cumulative or duplicative." (Pl.'s MIL #2 10:27-11:8.) However, the cited rule governs limitations on discovery and is not a basis for exclusion of the referenced testimony. Therefore, this request is denied.

### III. CONCLUSION

For the stated reasons, Defendant's motions in limine are granted in part and denied in part. Dr. Wood, Mr. Carr, Ms. Willerup, Ms. Coddington, and Dr. Dahmen are excluded as expert witnesses.

Dated: October 28, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge