UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KRIS ROBINSON, an individual, | No. 2:12-cv-00604-GEB-AC |
|---|---|
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE** |
| HD SUPPLY, INC., | |
| Defendant. | |

Plaintiff and Defendant each move in limine for an order precluding admission of certain evidence during the impending trial. Each motion is addressed below.

**A. Plaintiff's Motions in Limine**

**Motion in Limine No. 1**

Plaintiff seeks "to [prevent] Defendant from referring to, testifying about, or introducing evidence, documentary or testimonial, relating to payments received by Plaintiff from a collateral source, such as unemployment insurance benefits" to reduce his "economic damage claim," arguing they are barred "both by the 'collateral source rule' [and are] irrelevant to Plaintiff's claims and to Defendant's affirmative defenses." (Pl.'s Motion in Limine ("MIL") No. 1 2:3-8, 4:10-13, ECF No. 96.) The words "such as" in this motion are ambiguous; therefore, this portion of the motion is DENIED, and only the argument

1

concerning "unemployment insurance benefits" is addressed in this order.

Defendant argues "unemployment insurance benefits are not a true 'collateral source'" and are relevant to three contested issues: whether "Plaintiff had [an] incentive not to take another job because he was receiving a substantial amount of unemployment benefits," "the amount of Plaintiff's claimed [economic damages, i.e.,] back pay and future pay claims," and "the severity of Plaintiff's alleged emotional distress based on his allegedly poor financial condition after his employment was terminated." (Def.'s Opp'n to Pl.'s MIL No. 1 3:25, 2:20-21, 2:13-15, 2:10-12, ECF No. 114.)

Plaintiff replies that "Defendant does not maintain a failure to mitigate affirmative defense." (Pl.'s Reply to MIL No. 1 2:6-7, ECF No. 122.) Defendant has not preserved for trial a failure to mitigate damages affirmative defense. Therefore, Defendant shall not offer evidence of unemployment insurance benefits on the issue of whether "Plaintiff had [an] incentive not to take another job." (Def.'s Opp'n to Pl.'s MIL No. 1 2:13-14; see Final Pretrial Order 2:4-9, ECF No. 94 (showing that failure to mitigate is not a preserved affirmative defenses).) Nor has Defendant preserved for trial the affirmative defense that unemployment insurance benefits offset Plaintiff's economic damages. Therefore, this portion of Plaintiff's motion is GRANTED.

The issue of whether unemployment insurance benefits are a collateral source need not be resolved since, even if unemployment insurance benefits are a collateral source,

Plaintiff has not rebutted Defendant's argument that the referenced evidence is relevant to the "severity of Plaintiff's alleged emotional distress based on his allegedly poor financial condition after his employment was terminated." (Def.'s Opp'n to Pl.'s MIL No. 1 2:10-12.) Therefore, this portion of the motion is DENIED. England v. Reinauer Transp. Cos., 194 F.3d 265, 273 (1st Cir. 1999) ("When a case is being heard in federal court, the evidentiary, as opposed to the substantive aspects of the [state's] collateral source rule are governed by the Federal Rules of Evidence . . . .").

**Motion in Limine No. 2**

Plaintiff seeks "to exclude Defendant from referring to, testifying about, or introducing any evidence, documentary or testimonial, regarding his work experience with a previous employer and/or alleged reasons for separation of that employment," arguing, inter alia, that "such testimony is inadmissible character evidence." (Pl.'s MIL No. 2 2:3-7, ECF No. 98.) Specifically, Plaintiff argues: "Plaintiff anticipates that Defendant and/or its witnesses will offer evidence regarding Plaintiff's prior employment with True Value Corporation/Company and Industry Focus Software" and argue Plaintiff "was prone to short-term employment." (Id. 2:23-25, 3:24-25.) Plaintiff's reference to "a previous employer" is ambiguous; therefore, this portion of the motion is DENIED, and only "Plaintiff's prior employment with True Value Corporation/Company and Industry Focus Software" is addressed.

Defendant counters that "Plaintiff's work history . . . is subject to the exceptions found under [Federal Rule of

Evidence ('Rule')] 404(b)" and "is relevant for impeachment." (Def.'s Opp'n to Pl.'s MIL No. 2 1:26-28, ECF No. 115.)

Rule 404(b) prescribes:

> Evidence of other . . . act[s] is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . [However,] [t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The proponent of "other act" evidence must satisfy the following test:

> (1) there must be sufficient proof for the jury to find that the defendant committed the other act;
> (2) the other act must not be too remote in time;
> (3) the other act must be introduced to prove a material issue in the case; and
> (4) the other act must, in some cases, be similar to the offense charged.

Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000).

Defendant has not addressed the Rule 404(b) "other act" test and has only argued, in a conclusory manner, that Rule 404(b) exceptions apply to evidence concerning Plaintiff's prior employment with True Value Corporation/Company and Industry Focus Software. Therefore, this portion of Plaintiff's motion is GRANTED. Defendant also argues evidence of Plaintiff's alleged reasons for separation from prior employment may be used for impeachment; however, this argument does not present an issue ripe for decision.

4

**B. Defendant's Motions in Limine**

**Motion in Limine No. 4[1]**

Defendant seeks "an [o]rder excluding written and oral testimony and/or opinions of [Nurse Practitioner Elizabeth] Willerup and precluding her from testifying at trial." (Def.'s MIL No. 4 3:10-12, ECF No. 95.) Defendant argues: "The Court, in its October 29, 2013 Order, excluded Ms. Willerup as an expert witness. Accordingly, Ms. Willerup may not testify at trial." (Id. 4:10-11.)

The referenced order only excluded "expert opinion testimony." (Order on Mots. In Limine 5:8-9, ECF No. 92.) Therefore, this motion is DENIED.

**Motion in Limine No. 5**

Defendant seeks to "exclud[e] all evidence and other testimony that Plaintiff suffered from [post-traumatic stress disorder ('PTSD')] and that the PTSD was exacerbated by Defendant." (Def.'s MIL No. 5 3:8-9, ECF No. 97.) Defendant argues since "all of Plaintiff's designated experts" have been excluded, "Plaintiff will be unable to prove that he suffered from PTSD and that the PT[SD] was exacerbated by Defendant." (Id. 3:5-7.)

Plaintiff counters that "[i]n essence, Defendant's motion in limine is a proxy for a Rule 56 motion for partial summary judgment, as Defendant is requesting that this Court bar Plaintiff from proving the legal claims being adjudicated at

---

[1] Defendant previously moved to exclude Plaintiff's non-retained experts from testifying at trial in motions in limine numbers 1 (withdrawn), 2, and 3. Defendant's motions in limine numbers 2 and 3 were granted in part and denied in part in an order filed on October 28, 2013. (ECF No. 92.)

trial pertaining to Plaintiff's disability claims." (Pl.'s Opp'n to Def.'s MIL No. 5 2:8-11, ECF No. 105.)

This motion is tantamount to a request for partial summary judgment, which the scheduling order prescribes was to have been timely noticed for hearing on or before September 23, 2013. (Status (Pretrial Scheduling) Order 2:20-21, ECF No. 17.) Therefore, this motion is DENIED.

**Motion in Limine No. 6**

Defendant seeks to "exclud[e] all evidence and other testimony that Plaintiff suffered damages as a result of his employment with and/or termination by [Defendant]." (Def.'s MIL No. 6 3:12-14, ECF No. 99.)

Since it is unclear precisely what evidence Defendant seeks to exclude, this motion is too conclusory to justify an in limine ruling. Therefore, this motion is DENIED. See Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (denying a motion to exclude evidence for "lack[ing] sufficient specificity" since "[n]o particular documents or testimony have been identified"); see also Lego v. Stratos Int'l, Inc., No. C 02-03743 JW, at *1 (N.D. Cal. Nov. 4, 2004) (denying an in limine motion "because the requested relief is too vague").

**Motion in Limine No. 7**

Defendant seeks to exclude evidence of "complaints to or investigations by government agencies relating to Defendant." (Def.'s MIL No. 7 4:16-17, ECF No. 100.)

Plaintiff counters that "Defendant has not identifie[d] what complaints may or may not have been made, and to which

6

agencies, and as a result Plaintiff is wholly unable to substantively reply to this motion." (Pl.'s Opp'n to Def.'s MIL No. 7 1:26-2:1, ECF No. 107.)

Defendant replies that "[d]uring his deposition, Plaintiff mentioned a 'criminal investigation with the EPA.'" (Def.'s Reply to MIL No. 7 27:27, ECF No. 118.)

This motion is unclear, and Defendant's limited clarification offered for the first time in a reply brief need not be considered. See Zamani v. Carnes, 491 F.3d 990, 997 ("The district court need not consider arguments raised for the first time in a reply brief."). Therefore, this motion is DENIED.

Dated:  February 14, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge