1

2

3

4                           UNITED STATES DISTRICT COURT

5                          EASTERN DISTRICT OF CALIFORNIA

6

7    KRIS ROBINSON,                          No. 2:12-cv-00604-GEB-AC

8                 Plaintiff,

9         v.                                 **PROPOSED TRIAL DOCUMENTS**

10   HD SUPPLY, INC.,

11               Defendant.

12

13            Attached are the Court's proposed voir dire questions,

14   preliminary jury instructions, closing jury instructions, and

15   verdict form. Any proposed modifications to what is attached

16   should be submitted as soon as practicable.

17        **A.   Proposed Closing Jury Instructions**

18            Several of the parties' proposed instructions have been

19   modified for clarity, to eliminate unnecessary language, and to

20   more closely follow the language used in the Ninth Circuit Model

21   Civil Jury Instructions and Judicial Council of California Civil

22   Jury Instructions ("CACI") upon which they are based.

23            Since the Court's proposed voir dire contains a neutral

24   statement of the case, the parties' proposed "claims and

25   defenses" instruction is unnecessary and will not be used.

26            The parties' proposed liability instructions include as

27   elements that Plaintiff was employed by Defendant, that Defendant

28   terminated Plaintiff's employment, and that Defendant was an

                                    1

1  employer. Since each of these elements is undisputed, they have

2  been eliminated from the attached liability instructions. <u>See</u>

3  Final Pretrial Order 6:2-5, ECF No. 94. The goal is to "help the

4  jurors to concentrate on the question[s] at hand." <u>Achor v.</u>

5  <u>Riverside Golf Club</u>, 117 F.3d 339, 341 (7th Cir. 1997).

6          The parties' proposed "disparate treatment"

7  instruction, which is based upon CACI No. 2500, will not be given

8  since it is duplicative of the parties' "disability

9  discrimination" instruction, which is specific to disparate

10 treatment based upon a disability.

11         The parties' proposed "wrongful discharge/demotion in

12 violation of public policy" instruction utilizes different

13 terminology for the element that requires Plaintiff to show a

14 causal connection between Plaintiff's termination and his harm

15 than the other proposed liability instructions. This instruction

16 uses the word "cause," whereas each of the other proposed

17 liability instructions uses the phrase "substantial factor." It

18 appears that the different terminology used for this element is

19 without legal significance and could be confusing to the jury;

20 therefore, the attached instructions use "substantial factor"

21 consistently throughout and define that term once as follows: "A

22 'substantial factor' in causing harm is a factor that a

23 reasonable person would consider to have contributed to the harm.

24 It must be more than a remote or trivial factor. It does not have

25 to be the only cause of the harm." The definition is based upon

26 CACI Instruction No. 430 – "Causation: Substantial Factor."

27         The last paragraph of the parties' proposed

28 "accommodation" instruction has been deleted. Its content has

1   been incorporated into Instruction No. 10, which defines the
2   terms "major life activity," "limits," and "difficult" consistent
3   with California Code of Regulations section 11065(l).

4        The parties' proposed "adverse employment action"
5   instruction will not be given since that phrase is not used in
6   the attached instructions. It is understood, and the attached
7   instructions reflect, that the adverse employment action at issue
8   is Plaintiff's termination.

9        Plaintiff's proposed instructions Nos. 1 and 2 have
10  been incorporated into Instruction No. 9, which is the liability
11  instruction on Plaintiff's retaliation claim.

12       Plaintiff's proposed instruction No. 3 will not be
13  given as worded, since it is not supported by the cited
14  authorities. However, Instruction No. 9 includes a paragraph
15  concerning Plaintiff's ability to prove an employer's retaliatory
16  intent using direct or circumstantial evidence, which is
17  consistent with Colarossi v. Coty US Inc., 97 Cal. App. 4th 1142,
18  1153 (2002).

19       Plaintiff's proposed instruction No. 4 will not be
20  given. As stated above, Instruction No. 10 defines "major life
21  activity," "limits" and "difficulty" as defined in the California
22  Code of Regulations. Further, there is no need to define "mental
23  disability" since it is not used in the attached instructions.
24  Instead, the attached instructions reference Plaintiff's Post
25  Traumatic Stress Disorder specifically.

26       The parties have proposed inadequate damages
27  instructions. The attached proposed instructions include damages
28  instructions which are based upon the introductory language in

1   the Ninth Circuit's Model Civil Jury Instruction No. 5.1 (Damages
2   – Proof), and CACI Instructions Nos. 2433 (Wrongful Discharge in
3   Violation of Public Policy – Damages), 3900 (Introduction to Tort
4   Damages – Liability Contested), 3902 (Economic and Noneconomic
5   Damages), 3903 (Items of Economic Damage), 3903C (Past and Future
6   Lost Earnings), 3904 (Present Cash Value), 3905 (Items of
7   Noneconomic Damage), and 3905A (Physical Pain, Mental Suffering,
8   and Emotional Distress).

9        **B.   Proposed Verdict Form**

10            The attached general verdict form will be used rather
11   than the parties' proposed special verdict forms. See <u>Floyd v.</u>
12   <u>Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991) (stating "[a]s a
13   general rule, the court has complete discretion over whether to
14   have the jury return a special verdict or a general verdict").
15   Dated:   February 21, 2014
16
17
18                                    GARLAND E. BURRELL, JR.
                                      Senior United States District Judge
19
20
21
22
23
24
25
26
27
28

                                      4

1

2

3

4

5

6

7

8

9                         UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11

12   KRIS ROBINSON,                    No. 2:12-cv-00604-GEB-AC

13            Plaintiff,

14      v.                             **VOIR DIRE**

15   HD SUPPLY, INC.,

16            Defendant.

17            Thank you for your presence and anticipated cooperation

18   in the jury selection questioning process we are about to begin.

19   This process concerns the right to a trial by jury, which is a

20

21   right that the founders of this nation considered an important

22   component of our constitutional system.

23            The court personnel who will assist me in this trial

24   are on the platform below me. The Courtroom Deputy is Shani

25   Furstenau.  She is on the platform below me on my left side. Next

26   to     her     is     the     Certified     Court     Reporter,

27   [_____].

28

5

We are about to begin what is known as voir dire. The purpose of voir dire is to ascertain whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case. A potential juror can also be excused for other reasons.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   Counsel, the Jury Administrator randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat.

3.   I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no hand is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat

6

number, then your response. That should expedite the process.

4. This is a civil case concerning Defendant's termination of Plaintiff's employment as an assistant transportation manager. Plaintiff alleges the following claims against Defendant: discrimination based upon his alleged Post Traumatic Stress Disorder, failure to provide a reasonable accommodation for his alleged Post Traumatic Stress Disorder, and retaliation for complaining to Defendant that dispatching employees to drive from Defendant's Sacramento Distribution Center to the Salinas Distribution Center would result in violations of hours of service regulations. Plaintiff further alleges that this referenced conduct constitutes termination in violation of public policy. Defendant denies these allegations.

5. Raise your hand if you have any knowledge of the facts or events in this case or if there is anything about the allegations which causes you to feel that you might not be a fair juror in this case.

6. Raise your hand if there is any reason why you will not be able to give your full attention to this case.

7. Raise your hand if you will not be able to decide this case based solely on the evidence presented at the trial or if you are opposed to judging a witness's credibility.

8. Raise your hand if you will not apply the law I will give you if you believe a different law should apply.

9.   The parties have informed me that the evidence and argument portion of the trial should be completed in approximately 3-6 court days, after which the case will be submitted to the jury for jury deliberation. We will be in trial on Tuesdays, Wednesdays, and Thursdays from 9:00 a.m. to about 4:30 p.m. But as soon as you begin jury deliberation, you will be expected to deliberate every day, except weekends, from 9:00 a.m. to about 4:30 p.m., until you complete your deliberation.

If you cannot participate as a juror during these times, raise your hand.

10.   Would Plaintiff's counsel introduce [himself/themselves], [his/their] client, and indicate any witness that [his/their] client may choose to call.

11.   Defendant's counsel now has the opportunity to do the same thing.

Raise your hand if you know or have had any interaction with any person just introduced or named.

12.   Raise your hand if you have ever served as a juror in the past.

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

13.   Raise your hand if you have had any experience or are aware of anything that could have a bearing on your ability

to be a fair and impartial juror in this case.

14.  Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Raise your hand if you have information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges.

15.  The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

1

2

3

4

5

6

7

8

9                     UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11

12   KRIS ROBINSON,                    No. 2:12-cv-00604-GEB-AC

13              Plaintiff,

14       v.                            **PRELIMINARY JURY INSTRUCTIONS**

15   HD SUPPLY, INC.,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Preliminary Instruction No. 1


          Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

          You must not infer that I have an opinion regarding the evidence or what your verdict should be from these instructions or from anything I may say or do.

          It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

          In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1   Preliminary Instruction No. 2

2

3         I am now going to give you jury admonitions that you

4   must remember. When we take recesses, I may reference these

5   admonitions by telling you to remember the admonitions or

6

7   something similar to that. You are required to follow these

8   admonitions whether or not I remind you to remember them:

9         First, keep an open mind throughout the trial, and do

10  not decide what the verdict should be until you and your fellow

11  jurors have completed your deliberations at the end of the case.

12

13        Second, because you must decide this case based only on

14  the evidence received in the case and on my instructions as to

15  the law that applies, you must not be exposed to any other

16  information about the case or to the issues it involves during

17  the course of your jury duty. Thus, until the end of the case or

18  unless I tell you otherwise:

19        Do not communicate with anyone in any way and do not

20  let anyone else communicate with you in any way about the merits

21  of the case or anything to do with it. This includes discussing

22  the case in person, in writing, by phone or electronic means, via

23  e-mail, Facebook, text messaging, or any Internet chat room,

24  blog, website, App, or other feature. This applies to

25

26  communicating with your fellow jurors until I give you the case

27  for deliberation, and it applies to communicating with everyone

28

else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

1

Preliminary Instruction No. 3

2

3

There are rules of evidence that control what can be

4

received into evidence. When a lawyer asks a question or offers

5

an exhibit into evidence, and a lawyer on the other side thinks

6

that it is not permitted by the rules of evidence, that lawyer

7

may object. If I overrule the objection, the question may be

8

answered or the exhibit received. If I sustain the objection, the

9

question cannot be answered, and the exhibit cannot be received.

10

Whenever I sustain an objection to a question, you must ignore

11

the question and must not guess what the answer might have been.

12

Sometimes I may order that evidence be stricken from

13

the record and that you disregard or ignore the evidence. That

14

means that when you are deciding the case, you must not consider

15

the evidence that I told you to disregard.

16

17

18

19

20

21

22

23

24

25

26

27

28

Preliminary Jury Instruction No. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Second, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it.

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

15

1          Preliminary Instruction No. 5

2

3          During deliberations, you will have to make your

4   decision based on what you recall of the evidence. You will not

5   have a transcript of the trial. I urge you to pay close attention

6   to the testimony as it is given.

7

8          If at any time during the trial you cannot hear what is

9   said or see what is shown, let me know so that I can correct the

10  problem.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    Preliminary Instruction No. 6

2

3          If you wish, you may take notes to help you remember

4   the evidence. If you do take notes, please keep them to yourself

5   until you and your fellow jurors go to the jury room to decide

6   the case. Do not let note-taking distract you. When you leave,

7   your notes shall be left on the seat on which you are seated.

8

9          Whether or not you take notes, you should rely on your

10  own memory of the evidence. Notes are only to assist your memory.

11  You should not be overly influenced by your notes or those of

12  your fellow jurors.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Preliminary Instruction No. 7


From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction No. 8


        The court accepts as having been proved the following facts, even though no evidence has been introduced on the subjects. You should therefore treat these facts as having been proved.

        Defendant hired Plaintiff on March 24, 2008;

        Plaintiff was terminated on February 10, 2010;

        The number of statute miles between Defendant's Sacramento Distribution Center and its Salinas Distribution Center is 130 statute miles;

        The number of air miles between Defendant's Sacramento Distribution Center and its Salinas Distribution Center is 113 air miles; and

        A "statute mile" is measured as 5,280 feet. An "air mile" is measured as 6,076 feet under the Federal Motor Carrier Safety Administration Act.

Preliminary Instruction No. 9

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then Defendant may present evidence, and counsel for Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KRIS ROBINSON,

             Plaintiff,

    v.

HD SUPPLY, INC.,

             Defendant.

No. 2:12-cv-00604-GEB-AC

**CLOSING JURY INSTRUCTIONS**

Instruction No. 1


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

1                           Instruction No. 2

2

3          The evidence you are to consider in deciding what the

4    facts are consists of:

5

6          the sworn testimony of any witness;

7          the exhibits that are received into evidence; and

8          any facts to which the parties have agreed.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Instruction No. 3

2

3

4       Evidence may be direct or circumstantial. Direct

5   evidence is direct proof of a fact, such as a testimony by a

6   witness about what that witness personally saw or heard or did.

7   Circumstantial evidence is proof of one or more facts from which

8   you could find another fact.

9       You should consider both kinds of evidence. The law

10  makes no distinction between the weight to be given to either

11  direct or circumstantial evidence. It is for you to decide how

12  much weight to give to any evidence.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 4

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1                          Instruction No. 5

2

3           Plaintiff has burden of proving each of his claims by a

4    preponderance of the evidence. This means you must be persuaded

5    by the evidence that the claim is more probably true than not

6    true.

7           You should base your decision on all of the evidence,

8    regardless of which party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Instruction No. 6

2

3

4

     Plaintiff alleges he was terminated in violation of

5

public policy. To prevail on this claim, Plaintiff must prove, by

6

a preponderance of the evidence, each of the following elements:

7

8

     First, Plaintiff's complaints to Defendant that

9

dispatching employees to drive from Defendant's Sacramento

10

Distribution Center to the Salinas Distribution Center would

11

result in violation of hours and service regulations and/or

12

Plaintiff's Post Traumatic Stress Disorder was a substantial

13

motivating reason for his termination; and

14

     Second, the termination was a substantial factor in

15

causing Plaintiff harm.

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 7


        Plaintiff alleges Defendant wrongfully discriminated against him based on his Post Traumatic Stress Disorder. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

        First, Defendant knew of Plaintiff's Post Traumatic Stress Disorder diagnosis;

        Second, Plaintiff's Post Traumatic Stress Disorder limited a major life activity;

        Third, Plaintiff was able to perform his essential job duties with reasonable accommodation for his Post Traumatic Stress Disorder;

        Fourth, Plaintiff's Post Traumatic Stress Disorder and/or Defendant's belief that Plaintiff had a history of Post Traumatic Stress Disorder was a substantial motivating reason for his termination;

        Fifth, Plaintiff was harmed; and

        Sixth, the termination was a substantial factor in causing Plaintiff's harm.

28

Instruction No. 8


Plaintiff alleges Defendant failed to reasonably accommodate his Post Traumatic Stress Disorder. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, Defendant knew of Plaintiff's Post Traumatic Stress Disorder diagnosis;

Second, Plaintiff's Post Traumatic Stress Disorder limited a major life activity;

Third, Plaintiff was able to perform his essential job duties with reasonable accommodation for his Post Traumatic Stress Disorder;

Fourth, Defendant failed to provide reasonable accommodation for Plaintiff's Post Traumatic Stress Disorder;

Fifth; Plaintiff was harmed; and

Sixth, Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.


A "reasonable accommodation" is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job.

Reasonable accommodations may include the following:

Making the workplace readily accessible to and usable by employees with disabilities;

Changing job responsibilities or work schedules;

Reassigning the employee to a vacant position;

Modifying or providing equipment or devices;

Modifying tests or training materials;

Providing qualified interpreters or readers; or

Providing other similar accommodations for an individual with a disability.


If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

Instruction No. 9


Plaintiff alleges Defendant retaliated against him for complaining to Defendant that dispatching employees to drive from Defendant's Sacramento Distribution Center to the Salinas Distribution Center would result in violation of hours of service regulations. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, Plaintiff reasonably and in good faith believed that dispatching employees to drive from Defendant's Sacramento Distribution Center to the Salinas Distribution Center would result in violation of hours of service regulations;

Second, Plaintiff complained to Defendant about the referenced violation of hours of service regulations;

Third, Plaintiff's complaints were a substantial motivating reason for his termination;

Fourth; Plaintiff was harmed; and

Fifth; the termination was a substantial factor in causing Plaintiff's harm.


An employee is protected against retaliation if the employee reasonably and in good faith believed that what he complained of constituted unlawful conduct whether or not the challenged conduct is ultimately found to be unlawful.

An employee is not required to use special words when complaining of conduct that he reasonably and in good faith believes is unlawful for the complaint to be a protected activity. The relevant question is whether the employee's communication to the employer sufficiently conveyed the employee's reasonable concern that the employer is acting in an unlawful manner.

Both direct and circumstantial evidence can be used to show an employer's intent to retaliate. Direct evidence of retaliation may consist of remarks made by decision makers showing a retaliatory motive. Circumstantial evidence typically relates to factors such as an employee's job performance, the timing of events, and how the employer treated the employee in comparison to other similarly situated workers.

32

1

Instruction No. 10

2

3        The phrase "major life activity" includes physical,

4   mental, and social activities, especially those life activities

5   that affect employability or otherwise present a barrier to

6   employment or advancement.

7        "Major life activities" include, but are not limited

8   to, caring for oneself, performing manual tasks, seeing, hearing,

9   eating, sleeping, walking, standing, sitting, reaching, lifting,

10  bending, speaking, breathing, learning, reading, concentrating,

11  thinking, communicating, interacting with others, and working.

12

13

14       A disability "limits" a major life activity if it makes

15  the achievement of the major life activity difficult.

16       Whether a disability "limits" a major life activity

17  shall be determined without regard to mitigating measures or

18  reasonable accommodations, unless the mitigating measure itself

19  limits a major life activity.

20

21

22       Whether achievement of a major life activity is

23  "difficult" is an individualized determination, which may

24  consider what most people in the general population can perform

25  with little or no difficulty, what members of Plaintiff's peer

26  group can perform with little or no difficulty, and/or what

27

28
                                33

Plaintiff would be able to perform with little or no difficulty in the absence of a disability.

Instruction No. 11

In deciding whether a job duty is "essential," you may consider, among other factors, the following:

Whether the reason the job exists is to perform that duty;

Whether there is a limited number of employees available who can perform that duty;

Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is "essential" includes, but is not limited to, the following:

Defendant's judgment as to which functions are essential;

Defendant's written job descriptions prepared before advertising or interviewing applicants for the job;

The amount of time spent on the job performing the duty;

The consequences of not requiring the person currently holding the position to perform the duty;

The terms of a collective bargaining agreement;

The work experiences of past persons holding the job;

35

The current work experience of persons holding similar jobs;

and reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

1                       Instruction No. 12

2

3          A "substantial motivating reason" is a reason that

4   actually contributed to Plaintiff's termination. It must be more

5   than a remote or trivial reason. It does not have to be the only

6   reason motivating the termination.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 13


Plaintiff alleges he was terminated because of his Post Traumatic Stress Disorder and/or his complaints about the violation of hours of service regulations, which are unlawful reasons to terminate someone. Defendant alleges Plaintiff was terminated because of insubordination, which is a lawful reason to terminate someone.

If you find that Plaintiff's Post Traumatic Stress Disorder and/or his complaints about the violation of hours of service regulations was a substantial motivating reason for his termination, you must then consider Defendant's stated reason for the termination.

If you find that Plaintiff's insubordination was also a substantial motivating reason, then you must determine whether Defendant has proven that it would have terminated Plaintiff anyway based on his insubordination even if Defendant had not also been substantially motivated by Plaintiff's Post Traumatic Stress Disorder and/or his complaints about the violation of hours of service regulations.

In determining whether Plaintiff's insubordination was a substantial motivating reason, determine what actually motivated Defendant, not what it might have been justified in doing.

If you find that Defendant terminated Plaintiff only for a discriminatory and/or retaliatory reason, you will be asked to determine the amount of damages that Plaintiff is entitled to recover. If, however, you find that Defendant would have terminated Plaintiff anyway because of insubordination, then Plaintiff will not be entitled to damages.

Instruction No. 14

In California, employment is presumed to be "at will." That means that an employer may terminate an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory and/or retaliatory reason.

Instruction No. 15


A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Instruction No. 16

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that Plaintiff has proved any of his claims against Defendant, you must also decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages." Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

1                         Instruction No. 17

2

3          The  damages  claimed  by  Plaintiff  fall  into  two

4     categories,  which  are  called  economic  damages  and  non-economic

5     damages.  You  will  be  asked  on  the  verdict  form  to  state  the

6     categories  of  damages  separately.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 18

The following are the specific items of economic damages claimed by Plaintiff:

Past and future loss of wages and benefits.

To recover damages for past lost wages and benefits, Plaintiff must prove the amount of wages and benefits that he has lost to date.

To recover damages for future lost wages and benefits, Plaintiff must prove the amount of wages and benefits he will be reasonably certain to lose in the future as a result of the harm caused by Defendant.

Any award for future economic damages should be reduced to present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Defendant must prove the amount by which future economic damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiff with the amount of his future economic damages.

1          In determining the period that Plaintiff's employment

2  was reasonably certain to have continued, you should consider

3  such things as:

4          Plaintiff's age, work performance, and intent to

5  continue employment with Defendant;

6          Defendant's prospects for continuing the operations

7  involving Plaintiff; and

8

9          Any other factor that bears on how long Plaintiff would

10  have continued to work.

Instruction No. 19

The following are the specific items of non-economic damages claimed by Plaintiff:

Past and future emotional pain and suffering.

No fixed standard exists for deciding the amount of these non-economic damages. You must use your judgment to decide a reasonable amount, if any, based on the evidence and your common sense.

To recover for future non-economic damages, Plaintiff must prove that he is reasonably certain to suffer that harm in the future.

For future non-economic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiff for future noneconomic harm, if any. Any award for future non-economic damages should not be further reduced to present cash value.

1

Instruction No. 20

2

3

    Plaintiff is seeking damages from Defendant in several

4

claims. However, each item of damages may be awarded only once,

5

regardless of the number of claims on which Plaintiff may

6

prevail.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 21

If you decide that Defendant's conduct was a substantial factor in causing Plaintiff's harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Plaintiff has proved that Defendant engaged in that conduct with malice or oppression. To do this, Plaintiff must prove, by clear and convincing evidence, one or more of the following elements:

The conduct constituting malice or oppression was committed by one or more officers, directors, or managing agents of Defendant who acted on behalf of Defendant; or

The conduct constituting malice or oppression was authorized by one or more officers, directors, or managing agents of Defendant; or

One or more officers, directors, or managing agents of Defendant knew of the conduct constituting malice or oppression, and adopted or approved that conduct after it occurred.

"Clear and convincing evidence" means it is highly probable that the fact is true. This is a higher standard of proof than proof by a preponderance of the evidence.

48

"Malice" means that Defendant acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

49

1

Instruction No. 22

2

3

When you begin your deliberations, you should elect one

4

member of the jury as your presiding juror. That person will

5

preside over the deliberations and speak for you here in court.

6

7

You will then discuss the case with your fellow jurors

8

to reach agreement if you can do so. Your verdict must be

9

unanimous.

10

Each of you must decide the case for yourself, but you

11

should do so only after you have considered all of the evidence,

12

discussed it fully with the other jurors, and listened to the

13

views of your fellow jurors.

14

Do not be afraid to change your opinion if the

15

discussion persuades you that you should. Do not come to a

16

17

decision simply because other jurors think it is right.

18

It is important that you attempt to reach a unanimous

19

verdict but, of course, only if each of you can do so after

20

having made your own conscientious decision. Do not change an

21

honest belief about the weight and effect of the evidence simply

22

to reach a verdict.

23

24

25

26

27

28

1                         Instruction No. 23

2

3          A verdict form has been prepared for you. After you

4
   have reached unanimous agreement on the verdict, your foreperson
5
   will fill in the form that will be given to you, sign and date
6
   it, and advise the United States Marshal's representative outside
7
   your door that you are ready to return to the courtroom.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 24


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.